UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| NICOLE GESKE | * | CIVIL ACTION |
| VERSUS | * | NO. 07-392 |
| HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY | * | JUDGE POLOZOLA |
| | * | MAG. JUDGE NOLAND |

\* \* \* \* \* \* \* \*

**STIPULATED PROTECTIVE ORDER**
**RE: CONFIDENTIALITY**

The Court, upon consideration of the parties' stipulation that the Court enter an agreed upon order regarding confidentiality, believes that entry of the following Stipulated Protective Order re: Confidentiality is necessary in order to facilitate the free discovery of information without document-by-document controversy concerning confidentiality; to protect the parties to this action from undue annoyance, embarrassment, and oppression resulting from public disclosure, or use for purposes other than this litigation, of confidential information that the parties will disclose in discovery; and to protect the commercial value of the parties' trade secrets and confidential research, development and other information.  Therefore, the Court enters the following Protective Order pursuant to Federal Rule of Civil Procedure 26(c):

      1.    The parties may claim as confidential any document produced, any interrogatory answer, response to request to admit, or deposition testimony taken in this action (collectively "Discovery Material"), including any information contained in such Discovery Material, by marking or identifying , in good faith, a document, answer, response, testimony, or other information with the word, "CONFIDENTIAL," at the time the information is produced, taken, or made available.  To designate a document as "CONFIDENTIAL," a party shall stamp the word, "CONFIDENTIAL" on the first page of

the document.  In the event certain documents previously produced are later deemed to be CONFIDENTIAL, the producing party can request that such documents be included within the terms of this Protective Order as of the date of such request.

     2.    All CONFIDENTIAL information which has been obtained or learned from an adverse party, including its agents, employees, representatives and retained experts and consultants, whether currently or formerly employed by the party, shall be held in confidence by the party obtaining such information, including counsel fo record, and shall be used only for the prosecution or defense of the case.  The terms of this Protective Order govern only CONFIDENTIAL information so designated by a party in connection with this litigation, and are not intended to govern any documents or information of any type obtained from a source other than a party (including the persons enumerated above).  That a party producing CONFIDENTIAL information produces or has produced such information in another action or proceeding shall not constitute a waiver of the protection of this Protective Order with respect to information so designated in this action.

     3.    Counsel for any party shall take all necessary precautions to prevent disclosure of CONFIDENTIAL Discovery Material, including but not limited to physically securing, safeguarding and restricting access to the CONFIDENTIAL Discovery Material.  The confidentiality of the CONFIDENTIAL Discovery Material shall be maintained in perpetuity.

     4.    ALL CONFIDENTIAL information shall be held in confidence by counsel of record who shall not release, disclose, or disseminate any such information except to parties, employees of the law firm of counsel of record, and to a party's agents, employees, and retained experts and consultants who are charged with the responsibility for or are actively engaged in the litigation of this case.  In-house counsel

for the parties shall be treated as counsel of record for purposes of this Order. Except as otherwise provided in this Order, all persons receiving CONFIDENTIAL INFORMATION shall agree to be bound by the terms of this Protective Order and not disclose any CONFIDENTIAL information.

5. Discovery Material designated "CONFIDENTIAL" may be shown to experts whose opinions may be presented at the trial of this Action as provided in paragraph 4 above only upon the following terms and conditions:

    a. Before disclosure is made, such person must be provided with a copy of ths Order and shall execute the certificate annexed hereto as Exhibit "A," consenting to be bound by the terms of this Order. Counsel for the Producing party will promptly be supplied with a copy of each certificate executed;

    b. The identity of each such person to whom a party proposes to make disclosure (other than previously identified experts) must be disclosed to the Producing Party at least three (3) business days before the person is afforded access to the confidential Discovery Material; and

    c. If the Producing party objects to the disclosure of such CONFIDENTIAL Discovery Material to such person as inconsistent with the language and intent of this Order, or on other grounds, the Producing Party shall notify the other party in writing of such objection and the grounds therefor, and if such objection is not resolved on an informal basis, the Producing Party shall promptly submit such objection to the Court for a ruling, and the disclosure of such CONFIDENTIAL Discovery Material to such person shall be withheld pending the ruling of this Court.

6.      Nothing in this Order shall be construed to prejudice a party's right to use CONFIDENTIAL information in the taking of testimony at any deposition, hearing, or trial in this action, or in defending against testimony offered by another party, or in oral or written argument.  CONFIDENTIAL information may be shown to any witness in preparation for such deposition, hearing, or trial and at such deposition, hearing, or trial.  Such disclosure, however, shall not operate as a waiver of confidentiality.

7.      Before filing with the court any motion, transcript of deposition, exhibit, answers to interrogatories, discovery responses and/or other document and/or pleading that contains "Confidential" information ("Court Document"), the party seeking to file such Court Document shall notify the opposing party whose "confidential" information is at issue in writing of the party's intent to file the court document.  The party whose "Confidential" information is at issue will have seven business days from the date upon which it received notification of the other party's intent to use the "Confidential" information to file a motion with the Court seeking to have the Court Document or the "Confidential" information–to the extent it can be segregated from the court document–filed under seal.  If the Court grants the motion, the party filing the Court Document shall mark such Court Document or "Confidential" information as "Confidential" and file it in sealed envelopes or containers on which shall be recorded the title of this action, the general nature of the contents, the word "Confidential" and a statement in the following form: "This envelope filed herein by [party] is not to be opened, nor the contents thereof revealed, except: (1) to the Court and thereafter resealed or (2) by order of the Court."  If the Court denies the motion, the party filing the Court Document may utilize the normal procedures under the Federal Rules of Civil Procedure or the Local Rules for the Middle District of Louisiana for filing motions and/or pleadings. Alternatively, the filing party may file the document under seal, without

providing notice to the other party that it will be filed.  Filing under seal without notice will not preclude the other party from objecting to the characterization of the document as "Confidential."

8.     If any CONFIDENTIAL information is not believed to be confidential by the party receiving it, the receiving party may at any time notify the disclosing party and request a release of confidentiality.  If such release is not forthcoming in writing within ten (10) days, the receiving party may apply to the Court for an order requiring the release of confidentiality.  Until this Court enters an order changing the designation, CONFIDENTIAL information shall be given the confidential treatment provided for in this Protective Order.  Nothing contained herein shall alter the burden that would otherwise apply to any party's obligation in such motion or opposition to establish the propriety of allowing or preventing disclosure.

9.     Nothing in this Order shall be construed as a waiver by any party of any legally cognizable privilege or basis to withhold any document or information, or any right which any party may have to assert such privilege or basis.

10.    Nothing in this Order shall be construed to restrict disclosure of any information obtained through discovery to any person who in the course of his business duties had previously prepared, received, or had access to such information.

11.    This Order has no effect on, and its scope shall not extend to, any party's use of its own confidential information.

12.    In the event additional persons become parties to this action, they shall be bound by this Order.

13.    Nothing contained in this Order, nor any action taken in compliance with it, shall operate as an admission by any party that any Discovery Material is, or is not, CONFIDENTIAL.  Further, nothing in this Order shall operate as an admission by any

party that any particular Discovery Material is or is not admissible at the trial of this Action.

14.     This Protective Order and agreement embodied herein shall survive the termination of this Action and continue in full force and effect after the termination of this Action whether by dismissal, final judgment, appeal or settlement.

15.     All discovery material designated CONFIDENTIAL material pursuant to this Order shall be maintained in the custody of the parties' counsel of record.  Within sixty (60) days after the settlement or the entry of a final non-appealable judgment in this action CONFIDENTIAL material and all copies of CONFIDENTIAL material produced in this action shall be returned to the producing party, and all summaries, digests and synopses of the CONFIDENTIAL material shall be destroyed.  This provision shall not preclude any party from retaining one copy of any document filed with the Court in the action, whether or not such filing contains CONFIDENTIAL information.  The terms of this Protective Order shall continue to govern such CONFIDENTIAL information so retained.

16.     This Protective Order shall remain in full force and effect until such time as it is modified, amended or rescinded by the Court or until such time as the parties may petition the Court to modify or amend its terms, as the scope of discovery dictates.

Nothing in this Order shall restrict disclosure of any CONFIDENTIAL information to any government agency as required by law or regulation.

Signed in chambers in Baton Rouge, Louisiana, March 10, 2008.

**MAGISTRATE JUDGE CHRISTINE NOLAND**